# ATTACHMENT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AARON WESLEY WYATT,
an individual,

      Plaintiff,

                                  Case Number 22-_____-CK

v                                       Judge
MARCUM, LLP,
a foreign limited liability partnership,

      Defendant.
---------------------------------------------------------/
GERALD J. RICHTER P38822
Attorney for Plaintiff
FACCA, RICHTER & PREGLER, P.C.
6050 Livernois
Troy, MI   48098
(248) 813-9900
--------------------------------------------------------------------------------------------------
There is no other pending or resolved civil action arising out of the transaction or occurrence
alleged in the complaint.
--------------------------------------------------------------------------------------------------

## **COMPLAINT**

      Plaintiff, AARON WESLEY WYATT, by and through his attorneys, complaining of

Defendant, MARCUM, LLP, states as follows:

## **GENERAL ALLEGATIONS**

      1.      Plaintiff, Aaron Wesley Wyatt (Wyatt), is an individual doing business in Wayne

County, Michigan.

      2.      Defendant, Marcum, LLP (Marcum), is a foreign limited liability partnership,

doing business in the County of Oakland, State of Michigan.

      3.      Jurisdiction is proper in this Court since the amount in controversy exceeds

$25,000.00.

1

22-007736-CK FILED   IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   6/28/2022 4:48 PM   Angila Mayfield

## <u>COUNT I - BREACH OF CONTRACT</u>

4.      Wyatt realleges paragraphs 1 through 3, the same as if they were restated and repled in their entirety.

5.      On or about April 17, 2017, Wyatt and Marcum entered into a Release and Settlement Agreement (the Agreement).   A copy of the Agreement is attached and marked **Exhibit 1**.

6.      According to the Agreement, Wyatt was to pay Marcum the sum of $32,500.00 in settlement of a Dispute and Note, as those terms are defined in the Agreement.

7.      Wyatt paid Marcum the $32,500.00 as required by the terms of the Agreement.

8.      According to the Agreement, Marcum was required, upon receipt of payment, to return to Wyatt within one calendar day all the records Marcum had its possession relating to Wyatt's personal and business matters from 2006 to 2014.

9.      Marcum did not deliver to Wyatt all of the records it had in its possession relating to the bookkeeping projects handled by Marcum.   Specifically, Marcum did not deliver the records relative to the 2012 and 2013 tax returns prepared for one of Wyatt's companies known as Cintron Beverage Group, LLC.

10.      By failing to provide all of the documents, Marcum has breached the Agreement.

11.      Although Wyatt has requested that Marcum provide the balance of the documents to Wyatt, Marcum has failed, neglected, and refused to do so.

12.      Wyatt has been damaged as a direct and proximate result of Marcum's breach as follows:

     A.   $32,500.00; the sum paid to Marcum under the terms of the Agreement;

     B.   consequential damages in excess of $200,000.00 as a result of Wyatt not being able to properly prepare and file Wyatt's tax returns for the years 2012 and 2013 because Marcum has not returned the documents to Wyatt; and

    C.  accounting fees and costs in an attempt to recreate the records for Cintron
        Beverage Group, LLC.

    WHEREFORE, Plaintiff, AARON WESLEY WYATT, prays that this Honorable Court

enter judgment in its favor in the excess of $25,000.00, plus interest from the date of filing this

Complaint, plus costs and attorney fees so wrongfully sustained against Defendant,

MARCUM, LLP.

                                       FACCA, RICHTER & PREGLER, P.C.


June 28, 2022
                                /s/Gerald J. Richter
                                Gerald J. Richter P38822
                                Attorney for Plaintiff
                                FACCA, RICHTER & PREGLER, P.C.
                                6050 Livernois
                                Troy, MI 48098
                                (248) 813-9900

# EXHIBIT 1

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") along with the Attachment ("Marcum boxes") is entered into on April 21, 2017, by and between Marcum LLP, located at 750 Third Avenue, New York, New York 10017, ("Marcum") and Wesley Wyatt, located at 7400 Brewster Ave. Philadelphia, PA 19153 ("Wyatt"). Marcum and Wyatt collectively referred to as "Parties".

### RECITALS

WHEREAS, the Parties are involved in a dispute (the "Dispute") regarding services provided by Marcum to Wyatt, fees related thereto, breach of contract, and monies allegedly due under a certain Promissory Note (the "Note");

WHEREAS, Marcum and Wyatt each desire to fully and finally settle the Dispute, and settle any and all potential claims, collections or causes of action between the Parties;

NOW, THEREFORE, in consideration of these recitals, and for the consideration set forth below, the receipt and sufficiency of which is hereby accepted and acknowledged, Marcum and Wyatt each agree as follows:

### AGREEMENT

1.    (a) **Payment by Wyatt**. Wyatt agrees to pay Marcum Thirty Two Thousand Five Hundred ($32,500) (the "Settlement Amount"), which sum is in full, final, and total settlement of the Dispute and the Note, and any and all potential claims, collections or causes of action between the Parties related to the Dispute and the Note.  Payment of the Settlement Amount shall be made by Wyatt to Marcum by wire to:

Bank
Bank Address

Account Name
Account #
ABA#



2.    (a) **Return of Documentation by Marcum**. Upon receipt of payment by Wyatt, Marcum agrees to return (within 1 calendar day) to Wyatt via UPS, Fedex, or any other viable shipper all the records (See Attachment "Marcum boxes) it has in its possession relating to the bookkeeping projects handled by Marcum.  Specifically, Wyatt's original documents (personal and business) and income taxes from 2006 to 2014, bills, bank statements, wire transfers and copies pertaining to the services provided and representations made by Marcum to Wyatt and between the Parties, and related to this Dispute. Documents shall be forwarded to:



3.  **Mutual Releases.** Upon execution by all Parties of this Agreement:

(a)  Upon receipt of all documents and original income tax returns as identified in Attachment "Marcum boxes", Wyatt remises, releases, acquits, and forever discharges any and all claims, demands, or causes of action of any kind whatsoever, whether known or unknown at the present time, contingent or non-contingent which Wyatt heretofore may have had, now may have or hereafter may have against Marcum, and its subsidiaries and affiliates and all their respective partners, officers, directors, employees, and agents arising out of any business, commercial, private, individual, or personal dealings or relations, directly or indirectly between the Parties, from the beginning of time to the date of execution of this Agreement;

(b)  Upon payment of the Settlement Amount, Marcum remises, releases, acquits, and forever discharges any and all claims, demands, collections or causes of action of any kind whatsoever, whether known or unknown at the present time, contingent or non-contingent which Marcum heretofore may have had, now may have or hereafter may have against Wyatt arising out of any business, commercial, private, individual, or personal dealings or relations, directly or indirectly between the Parties, including but not limited to the claims and allegations in the Dispute and the obligations under the Note from the beginning of time to the date of execution of this Agreement.

4.  **Non-disparagement.** The Parties agree that they will not disparage one another or their respective partners/shareholders, officers, directors, employees, or agents. For purposes of this section, "disparage" shall mean any negative statement, whether written or oral, by one Party about the other Party, including any negative statements made to any government agencies or regulatory authorities. The Parties agree and acknowledge that this non-disparagement provision is a material term of this Agreement. Due to the difficulty associated with proving actual damages under this provision, including damages to reputation, the Parties agree that violation of this provision shall entitle the non-breaching Party to $15,000, which the Parties agree is a reasonable estimate of the damages that would accrue if a breach occurred in the future and, as such, is a fair and reasonable amount and would not act as a penalty to the breaching party. Further, the non-breaching Party shall be entitled to its reasonable attorneys' fees incurred in enforcing its rights under this provision.

5.  **Confidentiality.** The Parties agree that the terms of this Agreement, including but not limited to the consideration and other material terms contained herein, shall be kept strictly confidential by the Parties, and that the Parties shall not disclose to any third party at any time, subject only to the exceptions herein. No Party shall make any disclosure of the terms of this Agreement except such disclosure as may be required by law in response to a validly issued subpoena, incident to obtaining judicial enforcement of the terms of this Agreement, or pursuant to an official request from the Securities and Exchange Commission, any state securities commission or FINRA; provided that the Party required to make such disclosure shall give the other Party such prior notice as is reasonable in the circumstances. Further, this Agreement shall not prevent any Party from disclosing contents of this Agreement to their legal counsel, accountants, or financial advisors as may be necessary for such professionals to render their professional services and perform their professional obligations, or as may be necessary for state or federal tax reporting or preparation purposes.

6.  **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflict of law provisions or principles.

7.  **Interpretation.** This Agreement shall be construed as if the Parties jointly prepared it with the advice and assistance of counsel, and any uncertainty or ambiguity shall not be interpreted against any Party.

8.    **Complete Agreement**. This Agreement contains the entire understanding by and between Marcum and Wyatt concerning the Dispute and supersedes all prior or proposed agreements and understandings, both oral and written. The Parties acknowledge and represent that they have not relied on any statements, agreements, representations, promises, warranties, or other assurances, oral or written, other than those contained herein.

9.    **Modification**. This Agreement shall not and cannot be modified by any Party by any oral promise or representation made before or after the execution of this Agreement, and may only be modified by a writing signed by all of the Parties to the Agreement.

10.    **Severability**. If any provision of this Agreement is rendered unenforceable for any reason, the remaining provisions shall remain in full force and effect. If any Party breaches this Agreement, the other Party remains bound by the terms of this Agreement and with respect to their obligations to the non-breaching Party.

11.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed the same instrument.

12.    **Recitals Incorporated**. The recitals are incorporated into this Agreement and constitute a part of this Agreement.

13.    **Successors and Assigns**. This Agreement shall be binding upon the representatives, assigns, and successors of the parties, and shall inure to the benefit of such representatives, assigns, and successors of the assigning Party.

IN WITNESS WHEREOF, each of Marcum and Wyatt have caused this Agreement to be executed by their duly authorized representatives, and may be signed in separate parts which will be effectively construed as a single document.

Marcum LLP

By: _____

Wesley Wyatt

By: _____

Jo A. Irby
Attorney for Wesley Wyatt

**Box 1**

|  | Year |
|---|---|
| Wire Transfers | 2011 |
| Bank Statements | 2010-2011 |
| Bills | 2010-2012 |

**Box 2**

|  | Year |
|---|---|
| Wire Transfers | 2010 |
| Bank Statements | 2009-2011 |
| Bills | 2009-2011 |

**Box 3**

|  | Year |
|---|---|
| Wire Transfers | 0 |
| Bank Statements | 2007-2010 |
| Bills | 2008-2011 |

**Box 4**

|  | Year |
|---|---|
| Wire Transfers | 2008-2009 |
| Bank Statements | 2008-2009 |
| Bills | 2007, 2009 |

**Box 5**

|  | Year |
|---|---|
| Wire Transfers | 0 |
| Bank Statements | 2004, 2005, 2008-2010 |
| Bills | 2004-2009 |

**Box 6**

|  | Year |
|---|---|
| Wire Transfers | 0 |
| Bank Statements | 2005-2009 |
| Bills | 2006-2009 |

**Box 7**

|  | Year |
|---|---|
| Wire Transfers | 2012 |
| Bank Statements | 2004-2005, 2011-2012 |
| Bills | 2004-2006 |

**Box 8**

|  | Year |
|---|---|
| Wire Transfers | 2011-2013 |
| Bank Statements | 2012-2013 |
| Bills | 2011-2013 |

**Box 9**

|  | Year |
|---|---|
| Wire Transfers | 2012-2015 |
| Bank Statements | 2012-2015 |
| Bills | 2009-2015 |

**Box 10**

|  | Year |
|---|---|
| Wire Transfers | 2014 |
| Bank Statements | 2012-2014 |
| Bills | 2013-2014 |

**Box 11**

| Tax Returns: | Year |
|---|---|
| Personal tax returns | 2006-2014 |
| Cintron Beverage | 2009-2012 |
| 1531 Holdings | 2009-2010 |
| Mt. Rock Capital | 2008-2013 |
| Spa 19 | 2013-2014 |
| 24 Grille | 2010-2014 |
| 1531 Pine | 2009-2010 |
| College Ave LtdPtr | 2009-2014 |

**Box 12**

|  | Year |
|---|---|
| Wire Transfers | 2006-2007 |
| Bank Statements | 2004-2007 |
| Bills | 2005-2007 |

**Box 13**

|  | Year |
|---|---|
| Wire Transfers | 2006 |
| Bank Statements | 2004-2006 |
| Bills | 2005-2006 |

**Box 14**

|  | Year |
|---|---|
| Wire Transfers | 2007 |
| Bank Statements | 2006-2007 |
| Bills | 2006-2007 |

**SUMMONS**
Case No. : **22-007736-CK**

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐   **OFFICER CERTIFICATE**         OR         ☐   **AFFIDAVIT OF PROCESS SERVER**

| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:    (notarization required) |
|---|---|

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | **Total fee** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____        Signature: _____
Date                                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of    Marcum, LLP                           .

Signature        Leslie Adler, Attorney and Agent

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-007736-CK<br>Hon.Sheila Ann Gibson |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>Wyatt, Aaron Wesley | v | Defendant's name(s), address(es), and telephone no(s).<br>Marcum, LLP |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>Gerald J. Richter 38822<br>6050 Livernois Rd<br>Troy, MI 48098-1502 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains   ☐ is no longer  pending.

Summons section completed by court clerk.              | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4.  If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/28/2022 | Expiration date*<br>9/27/2022 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)              **SUMMONS**              MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Approved, SCAO

| Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**22-007736-CK**<br>**Hon.Sheila Ann Gibson** |

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-5207

**Plaintiff's name(s), address(es), and telephone no(s)**
Wyatt, Aaron Wesley

v

**Defendant's name(s), address(es), and telephone no(s).**
Marcum, LLP

**Plaintiff's attorney, bar no., address, and telephone no**

Gerald J. Richter 38822
6050 Livernois Rd
Troy, MI 48098-1502

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.      | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/28/2022 | Expiration date*<br>9/27/2022 | Court clerk<br>Angila Mayfield |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**

Case No. : **22-007736-CK**

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐  OFFICER CERTIFICATE | OR | ☐  AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:    (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | **Total fee** $ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.

Date

My commission expires: _____   Signature: _____

Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of  _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

_____ on behalf of _____.

Signature